IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNY'S UNIFORMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | Case No. 16-cv-0113-MJR-DGW |
| | ) | |
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JANELL LITTON, | ) | |
| CLAYTON LITTON, and | ) | |
| JENNY'S UNIFORMS, INC., | ) | |
| | ) | |
| Counter Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On January 30, 2016, Jenny's Uniforms, Inc. filed suit against Amco Insurance Company, asking the Court to enter a declaratory judgment stating that Jenny's proof of loss was sufficient under the policy. Amco says it wasn't, and so long as Jenny's hasn't submitted a proper statement of loss, Amco is seemingly under no obligation to accept or deny Jenny's fire insurance claim. Since the case was filed, the suit between the parties has evolved. Amco has filed a counterclaim against Jenny's, its operator Janell Litton, and her husband Clayton Litton, seeking a declaratory judgment against all

1

three that there is no coverage under Jenny's policy because Clayton burned Jenny's office to the ground. A dishonesty clause in the policy states that criminal acts by anyone with an interest in the property voids all coverage, and the counterclaim alleges that Clayton had a sufficient interest in the property to void coverage, presuming he set Jenny's headquarters ablaze. Jenny's, for its part, has filed an amended complaint, seeking the same declaratory order about the proof of loss that started the case, as well as a judgment against Amco that Jenny's is owed coverage under the policy.

On July 25, 2016, Amco filed a motion to stay the case, seeking to pause the proceedings pending the outcome of the ongoing criminal investigation into Clayton Litton. As a part of its discovery, Amco served subpoenas on the Illinois State Fire Marshal and the City of Marion Fire Department, seeking records relating to the Jenny's fire. Both agencies denied Amco's requests, claiming that an active investigation into the fire was still underway, and the State Attorneys Appellate Prosecutor's Office later told Amco that it had asked the agencies to object to Amco's subpoenas until it finished reviewing the arson-related evidence. Those objections, say Amco, have impeded Amco's ability to investigate and complete discovery, thus necessitating a stay. Jenny's objects to a stay, claiming that it will suffer prejudice if the case doesn't proceed and that Amco, who has sought a declaration that it owes no coverage, already made a coverage decision and thus should have proof to back it up. The Court held a hearing on the motion to stay in September 2016, and the motion is now ripe for review.

As both parties appear to concede, the Constitution doesn't require a stay of civil proceedings pending the outcome of related criminal proceedings. *Securities &*

2

*Exchange Comm. v. Dresser Indus.*, **628 F.2d 1386, 1375 (D.C. Cir. 1980).** Rather, it is within a district court's discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions on discovery when there are criminal proceedings occurring at the same time as a related civil proceeding. ***United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).** In deciding whether a stay is in the interests of justice, a court may consider a number of factors, including whether the civil and criminal matters involve the same subject matter, whether the governmental entity that has initiated the criminal investigation is also a party in the civil case, the posture of the criminal proceeding, the effect of granting or denying a stay on the public interest, the interest of the civil plaintiff in proceeding expeditiously, and the burden that any particular aspect of the civil case may impose on the defendants if a stay is denied. *See Chagolla v. City of Chicago*, **529 F. Supp. 2d 941, 945 (N.D. Ill. 2008).**

Taking all of these considerations together, the Court finds that a stay isn't proper here. It's true, as Amco notes, that some of the factors above counsel in favor of pausing this case: the subject matter of the criminal investigation and the thrust of Amco's counterclaim both concern arson, and Amco might suffer some prejudice if a stay is denied, as the state agencies might not turn over their records before discovery in this case ends. That said, the prejudice Amco would suffer if a stay is denied isn't all that severe for two reasons. First, Amco should already have a fair amount of evidence to prove up arson. It's important to remember that Jenny's started this suit as a simple declaratory judgment action; it wanted the Court to order Amco to accept its proof of loss so its insurance claim could move along. It was Amco who decided, after Jenny's

3

complaint was filed, to bring its own counterclaim—it wanted a declaration from the Court that it owed no coverage to Jenny's based on Clayton's arson.  That move suggests that Amco already has its own evidence to prove that Clayton torched Jenny's, and thus wouldn't suffer considerable prejudice if it can't get the state's records before the close of discovery.  Second, Amco conceded at the hearing that it was aware of one witness from the state agencies' investigation, and had the ability to question that witness as a part of discovery in this case.  Amco's ability to gather evidence about that witness further reduces any prejudice that it might suffer should the Court deny a stay.

Over and above prejudice, Amco makes much of the public's interest in a stay of a civil case when there is a parallel criminal matter.  The rub is that the public's interest isn't quite as one sided as Amco makes out:  the public does have an interest in ensuring that the criminal process can proceed untainted by civil proceedings or civil discovery, but the public also has an interest in the prompt disposition of civil litigation, an interest that is harmed if a civil case is stayed.  ***Chagolla*, 529 F. Supp. 2d at 946-47.** The public's interest in quick civil litigation carries the day here, again for two reasons. For one, the criminal proceedings against Clayton are a mere possibility, and in those circumstances the public interest is typically served by denying a stay and moving the civil case along, for that is the only part of the public's interest that isn't "speculative." ***CMB Export, LLC v. Atteberry*, No. 13-4051, 2014 WL 4099721, at \*4 (C.D. Ill. Aug. 20, 2014).**  Once more, there's a reduced chance that the state's investigation will be hampered by Amco's discovery in this case.  The Jenny's fire happened over one year ago, and consistent with that passage of time, Amco conceded at the hearing that it

4

believed that the state's investigation was coming to an end. Given that a criminal indictment is an uncertainty and the criminal investigation has been ongoing for some time, the Court is of the view that the public's interest in quick civil dispositions wins out here. *See In re Anicom Inc. Secur. Litig.*, **No. 00 4391, 2002 WL 31496212, at \*2 (N.D. Ill. Nov. 8, 2002) (public interest in resolution of security fraud weighed in favor of denying a stay, especially where criminal charges were uncertain).**

Separate from all of the points discussed above, a number of other factors counsel against a stay. The government wasn't the one that brought this civil action, and that point usually swings against a stay, for there's nothing to suggest that the government is attempting to obtain discovery through the civil process that it can't get through the criminal one. *E.g., Bd. of Trustees v. Nationwide Life Ins. Co.*, **No. 04-821, 2005 WL 711977, at \*10 (N.D. Ill. Mar. 28, 2005);** *Doe v. City of Chicago*, **360 F. Supp. 2d 880, 881-82 (N.D. Ill. 2005).**[1] In addition, the criminal proceedings against Clayton are at the pre-indictment stage, and the uncertainty that any indictment will ever come,[2] along with the fact that there's no upcoming trial that civil proceedings might interfere

---

[1] The Court says "usually" because a stay might still be necessary, regardless of who brought the civil case, if there was a risk that the target of the criminal investigation would take that same tack in the civil matter—if he would use civil discovery to gain inside, sensitive information about the criminal proceedings against him. *See Chagolla*, **529 F. Supp. 2d at 946.** There's a low chance of that here, though. The witness-related testimony that Amco might try to obtain through civil discovery in this case likely isn't all that sensitive, and either way Clayton isn't pursuing discovery in this case and Jenny's is similarly resistant to broad, arson-related discovery. *See, e.g., Hallett v. Village of Richmond*, **No. 05 C 50044, 2006 WL 2088214, at \*5 (N.D. Ill. July 25, 2006);** *Nowaczyk v. Matingas*, **146 F.R.D. 169, 175-76 (N.D. Ill. 1993).**

[2] Indeed, since there is no statute of limitations for the crime of arson in Illinois, there is no time pressure driving a decision to seek an indictment.

with, makes a stay less necessary. *See Dresser*, **628 F.2d at 1376 (where no indictment has issued the purpose of staying civil proceedings during a pending criminal investigation is "far weaker");** *see also Cruz v. County of DuPage*, **No. 96 C 7170, 1997 WL 370194, at \*3 (N.D. Ill. June 27, 1997);** *Nowaczyk*, **146 F.R.D. at 176.** Finally, if Amco's request for a stay is granted, Jenny's will suffer a great deal of prejudice. Jenny's has been attempting to secure coverage for the last year, and Amco's ongoing refusal to cover the fire loss, whether correct or incorrect, seems to have put Jenny's on the precipice of bankruptcy. *See CMB Export, LLC*, **2014 WL at 4099721, at \*4 (finding that plaintiffs have a strong interest in proceeding with their civil complaints, especially where the other party's alleged misconduct is "ongoing" and there is only a chance that a criminal investigation "may ripen into future proceedings").**

Given the low chance of harm to the state's investigation, the fact that Jenny's presumably has evidence of arson and access to more, the fact that the criminal matter against Clayton is at the pre-indictment stage, and the fact that Jenny's will suffer prejudice if the case is stayed, the Court **DENIES** Amco's motion for a stay (Doc. 69). The parties indicated at the stay hearing that they might benefit from a settlement conference at this point in the case, and if that remains true, they are free to contact Judge Wilkerson to attempt to move up the settlement conference to an earlier date.

    IT IS SO ORDERED.

    DATED:  September 27, 2016

    /s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**